UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEC TABAK,

                        Plaintiff,

- against -

TOMORROW, TODAY ENTERTAINMENT, INC.

                        Defendant.

Docket No. _____

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Alec Tabak ("Tabak" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Tomorrow, Today Entertainment, Inc., ("Tomorrow" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1.    This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of American Rapper Troy Ave being escorted out of court, owned and registered by Tabak, a New York City based photojournalist. Accordingly, Tabak seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2.    This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.    This Court has personal jurisdiction over Defendant because Defendant resides in and/or are doing business in New York.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.      Tabak is a professional photojournalist in the business of licensing his photographs to online, print, and television stations for a fee, having a usual place of business at 32 Leroy Street, Apt. 10, New York, New York 10014. Tabak's photographs have appeared in many publications around the United States.

6.      Upon information and belief, Tomorrow is a corporation duly organized and existing under the laws of the State of New York, with a place of business at 601 Lexington Avenue, Suite 3400, New York, New York 10022. Upon information and belief, Tomorrow is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all times material hereto, Tomorrow has owned and operated a website at the URL:www.thisis50.com (the "Website").

## STATEMENT OF FACTS

**A.      Background and Plaintiff's Ownership of the Photograph**

7.      On July 11, 2016, Tabak photographed rapper Troy Ave being escorted out of court (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8.      Tabak then licensed the Photograph to the New York Daily News. On July 11, 2016, the New York Daily News ran an article that featured the Photograph on its web edition entitled, *Rapper Troy Ave freed on $500G bond as authorities continue to investigate fatal shooting at Irving Plaza T. I. concert*. See http://www.nydailynews.com/new-york/nyc-crime/troy-ave-free-bail-authorities-investigate-fatal-shooting-article-1.2707296. Tabak's name

was featured in a gutter credit identifying him as the photographer of the Photograph. A true and correct copy of the Photograph in the article is attached hereto as Exhibit B.

9. Tabak is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

10. The Photograph was registered with the U.S. Copyright Office and was given Copyright Registration Number VA 2-013-887.

**B.   Defendant's Infringing Activities**

11. Upon information and belief, on or about July 11, 2016, Tomorrow ran an article on the Website entitled *Troy Ave Free On $500K Bail. Investigation Into Shooting Still Ongoing *UPDATE* (Video Added)*. See http://www.thisis50.com/profiles/blogs/troy-ave-free-on-500k-bail-investigation-into-shooting-still. The article prominently featured the Photograph. A true and correct copy of the article is attached hereto as Exhibit C.

12. Tomorrow did not license the Photograph from Plaintiff for its article, nor did Tomorrow have Plaintiff's permission or consent to publish the Photograph on its Website.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST TOMORROW)**
**(17 U.S.C. §§ 106, 501)**

13. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-12 above.

14. Tomorrow infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Tomorrow is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

15. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16. Upon information and belief, the foregoing acts of infringement by Tomorrow have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

17. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

18. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

19. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

20. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Tomorrow be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of

        Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

3. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

4. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

5. That Plaintiff be awarded pre-judgment interest; and

6. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
       January 23, 2017

                                          LIEBOWITZ LAW FIRM, PLLC

                                          By: /s/Richard Liebowitz
                                                Richard P. Liebowitz
                                          11 Sunrise Plaza, Suite 305
                                          Valley Stream, NY 11580
                                          Tel: (516) 233-1660
                                          RL@LiebowitzLawFirm.com

                                          *Attorneys for Plaintiff Alec Tabak*